UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re | : | Chapter 11 |
| | : | |
| CONVERTING SOLUTIONS, L.P., | : | |
| | : | |
| Debtor. | : | Case No. 11-12122(MFW) |
| | : | |

## MOTION FOR AN ORDER APPROVING STIPULATION REGARDING INTERIM USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363, BANKRUPTCY RULE 4001(d) AND 9014 AND LOCAL BANKRUTPCY RULE 4001-2

The Debtor, Converting Solutions, L.P. ("Debtor"), by and through its counsel, Weir & Partners LLP, hereby moves this Honorable Court for an Interim Order approving a stipulation regarding use of Cash Collateral as defined pursuant to 11 U.S.C. §363(a) and in accordance with 11 U.S.C. §363, Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 4001-2 and in support hereof avers as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §157 and 1334. This a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (M), and (O).

2. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §1408 and 1409.

### BACKGROUND

3. On July 4, 2011 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"),

thereby commencing this case.

4. The Debtor remains in possession of its assets and in control of its financial and business affairs as a Debtor in Possession pursuant to the authority set forth in 11 U.S.C. §1107 and 1108.

5. The Debtor provides paper conversion goods and services to end users.

6. Pre-Petition Date, the Debtor executed and delivered to First Trust Bank ("Bank") a certain Promissory Note and Business Loan Agreement in which the Bank agreed to lend the Debtor the sum of up to $1,000,000.00 and separately a $250,000 Promissory Note dated March 13, 2007, collectively hereinafter referred to as the "Commercial Loan," for the purposes of assisting in the funding of a portion of operational and acquisition costs relating to certain assets to be used in the operation of the Debtor's business.

7. In connection with the Commercial Loan, the Debtor separately entered a Commercial Security Agreement pledging as collateral security for the repayment of the Commercial Loan certain assets of the Debtor as more fully described in the Commercial Security Agreement.

8. The Bank recorded a Financing Statement with the Secretary of State of Delaware on October 30, 2006, recording an alleged lien in certain of the Debtor's assets as described therein. The Promissory Note, Business Loan Agreement, Commercial Security Agreement and the Financing Statement are collectively referred to herein as the "Loan Documents".

9. By virtue of the Loan Documents, including the recorded Financing Statement, the Bank was the holder of a lien on the Debtor's pre-Petition Date assets,

including Debtor's pre-Petition accounts receivables, inventory and equipment, along with the proceeds of such collateral. Such assets, while property of the estate, nevertheless may constitute "cash collateral" pursuant to 11 U.S.C. §363(a).

10. The Debtor is not authorized to use cash collateral without either the consent of First Trust or authorization of such use by this Court. 11 U.S.C. §363(c)(2).

11. The Debtor and the Bank have entered into a Stipulation and Interim Order Regarding Use of Cash Collateral (the "Stipulation), a true and correct copy of which is attached hereto as Exhibit "A".

12. The Stipulation is made expressly subject to approval by the Court and, pursuant to the Stipulation, the Bank has consented to the use by Debtor of cash on an interim basis for the period beginning on the Petition Date and ending August 15, 2011.

13. Attached to the Stipulation as Attachment A thereto is a six week cash collateral budget (the "Budget") prepared by the Debtor and approved by the Bank. As more fully described in the Budget, the Debtor intends to use cash to pay expenses, including taxes, insurance, repairs, maintenance, water and sewer, payroll and other regularly incurred operating expenses.

14. Included on the Budget is the amount necessary to pay outstanding obligations for payroll which arose prior to the Petition Date, but which only became payable after the Petition Date and for which authorization has been requested by separate motion.

15. The payment of the items set forth and identified in the Budget are normal operating expenses of the Debtor required to be paid in order for the Debtor to maintain its ordinary and necessary business operations, and develop its reorganizational plan and strategies.

16. Any abrupt cessation of the Debtor's operations would cause extreme hardship to the Debtor's customers, employees and numerous creditors. Simply stated, in order to continue the operation of the Debtor's business, it is necessary for the Debtor to immediately be authorized to use cash collateral and it is therefore critical that the Court approve the Stipulation.

### STATEMENT PURSUANT TO LOCAL RULE 4001-2

17. The Stipulation submitted herewith for Court approval does not contain any of the provisions of the type indicated in Local Rule 4001-2(a)(i).

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the relief requested herein and authorizing the Debtor's interim use of cash collateral in accord with the Stipulation and Budget submitted herewith.

WEIR & PARTNERS LLP

BY: /s/Jeffrey S. Cianciulli
Jeffrey S. Cianciulli (#4369)
824 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 652-8181 (telephone)
(302) 652-8909 (facsimile)

Counsel to Debtor

Dated: Wilmington, Delaware
July 5, 2011